UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DIMITRIOS LYMBERATOS, *individually and
on behalf of all others similarly situated*,

                      Plaintiff,

      - against -

NYCO CHEMISTS INC. *d/b/a Bridge Apothecary*;
NYCO CHEMISTS INC. II *d/b/a City Chemist*;
DAVID SCHWARTZ; and CHRISTOPHER TSIOROS,

                      Defendants.
-------------------------------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**
16-CV-131 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Dimitrios Lymberatos commenced this wage-and-hour action against NYCO Chemists Inc. ("NYCO I"), NYCO Chemists Inc. II ("NYCO II"), David Schwartz, and Christopher Tsioros, alleging claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; New York Labor Law; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. (Compl. (Doc. No. 1).) Before the Court is a Report and Recommendation ("R&R") from the Honorable Magistrate Judge Robert M. Levy, dated May 3, 2018, recommending dismissal of any remaining claims for failure to prosecute. For the reasons explained below, the Court concurs with the R&R in its entirety.

      The parties in this case engaged in roughly a year of discovery, after which Lymberatos accepted an offer of judgment made by NYCO I pursuant to Federal Rule of Civil Procedure ("Rule") 68. (Notice of Acceptance (Doc. No. 24); Offer of J. (Doc. No. 24-1).) Accordingly, Lymberatos submitted a proposed judgment. (Proposed J. I (Doc. No. 24-2).) This proposed judgment was subsequently modified twice, each time revising the provision describing the defendants affected by the recovery. (Proposed J. II (Doc. No. 30-1); Proposed J. III (Doc. No.

31-1).) The initial offer of judgment, made only by NYCO I, purported to be in full satisfaction of the claims against all four defendants, listing them out by name. (Offer of J. at 1.) The accompanying proposed judgment included the language, "The plaintiff does recover of the defendants jointly and severally." (Proposed J. I at 1.) Subsequently, Lymberatos submitted a revised proposed judgment, providing, "The plaintiff does recover of the defendants [NYCO I], [NYCO II], David Schwartz, and Christopher Tsioros, jointly and severally." (Proposed J. II at 1.) The following day, however, Lymberatos submitted a third proposed judgment, asking the Court to disregard the previous submission, "as the document contained a substantial error." (Letter with Proposed J. III (Doc. No. 31) at 1.) This third and final version of the judgment provided recovery from NYCO I only, did not refer to joint and several recovery, and did not contain any reference to any other defendant. (Proposed J. III.) This Court entered the parties' final proposed judgment as to NYCO I only. (J. (Doc. No. 32).)

After several months of inactivity on the docket, Judge Levy requested a status report from the parties. (2/9/2018 Order.) Receiving no response, Judge Levy ordered counsel to show cause by March 26, 2018, as to why this case should not be dismissed as either resolved by the judgment entered against NYCO I or for failure to prosecute. (3/19/2018 Order.) Again, no response was received.

On May 3, 2018, Judge Levy issued an R&R, finding that the judgment against NYCO I did not resolve any claims as to NYCO II, Schwartz, or Tsioros, but that any such claims should be dismissed for failure to prosecute. (R&R (Doc. No. 33) at 3.) Lymberatos had taken no action for six months after the judgment against NYCO I was entered, and he did not respond to the Court's Order to show cause. (*Id.* at 3.) Judge Levy reminded the parties that pursuant to Rule 72(b), any objection to the R&R must be filed within 14 days. (*Id.*) No party has filed any

2

objection, and the time to do so has expired.

Pursuant to 28 U.S.C. § 636(b) and Rule 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Accordingly, the Clerk of Court is directed to enter judgment pursuant to this Order and close the case.

SO ORDERED.

Dated: Brooklyn, New York
      Dec. 27, 2018

S/ROSLYNN R MAUSKOPF
_____
ROSLYNN R. MAUSKOPF
United States District Judge